IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**JACKIE JEROME JAMES,**

      **Petitioner,**

**vs.**                               **Case No. 4:10cv521-MP/CAS**

**KENNETH S. TUCKER,**

      **Respondent.**

_____/


## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On October 10, 2010, Petitioner Jackie Jerome James, proceeding pro se, filed a

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in the United States

District Court for the Southern District of Florida.  Doc. 1.  Petitioner challenges a

conviction and sentence imposed by the Second Judicial Circuit Court, Gadsden

County, on April 15, 1985, following his entry of a guilty plea.  Docs. 1 and 27.  The

Southern District transferred the petition to this Court because the records pertaining to

Petitioner's conviction and sentence are located in this district.  Docs. 6 and 7.

The matter is referred to the undersigned magistrate judge for report and

recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local

Rule 72.2(B).  The pleadings and attachments before the Court show that the petition is

untimely and should be dismissed.  *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts

(authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits

that the petitioner is not entitled to relief" in federal court).

## Procedural History

After transfer to this district, pursuant to this Court's order, Petitioner filed an

amended § 2254 petition with supporting memorandum and attachments.  Docs. 11

(order directing amendment) and 27 (amended petition).  This Court then directed

Respondent to file an answer, motion, or other response to the amended petition.  Doc.

29.

On March 9, 2012, Respondent filed a motion to dismiss the amended petition as

untimely, with attached exhibits.  Doc. 37.  Petitioner filed a reply on April 30, 2012.

Doc. 41.

## Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),

there is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).

The period generally runs from "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review."  *Id.* at

§ 2244(d)(1)(A).  Later dates which may commence the period are the date on which an

unconstitutional impediment which prevented the applicant from filing is removed; the

date on which the constitutional right asserted was recognized by the U.S. Supreme

Court and made retroactive on collateral review; and the date on which the factual

predicate for the claim could have been discovered with due diligence.  *Id.* at

§ 2244(d)(1)(B)-(D).  The period is tolled for the time during which a "properly filed" application for relief is pending in state court.  *Id.* at § 2244(d)(2).[1]

In this case, Petitioner entered an open guilty plea to two counts of first degree murder, and the circuit court sentenced him, in April 1985, to two consecutive life sentence prison terms, with consecutive minimum mandatory terms of twenty-five years.  Doc. 27 at 1-2; Doc. 37 Ex. B (judgment and sentence).  Petitioner filed a direct appeal and, in an opinion issued March 3, 1986, the First District Court of Appeal affirmed his judgment and sentence with a citation to State v. Enmund, 476 So. 2d 165 (Fla. 1985).  *See* Doc. 37 Ex. G.  Petitioner did not appeal this decision and the mandate issued March 20, 1986.  *See id.* Ex. H.  Because his conviction was final long before April 24, 1996, the effective date of AEDPA, the one-year grace period for filing a § 2254 petition began to run on that date.  Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998); *see* Johnson v. United States, 544 U.S. 295, 299 (2005) (acknowledging federal courts of appeal have uniformly given "prisoners whose convictions became final before AEDPA a 1-year grace period running from the new statute's effective date").

Petitioner did not file anything after April 24, 1996, until he filed a petition for writ of habeas corpus on October 31, 2000.  *See* Doc. 27 at 2; Doc. 37 at 2-3.  That petition was filed over four (4) years after the time expired for filing a § 2254 petition, and could not toll the limitations period which had expired.  *See, e.g.,* Tinker v. Moore, 255 F.3d

---

[1]The time may also be equitably tolled in rare cases and "only if a petitioner establishes *both* extraordinary circumstances and due diligence."  Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").

## Conclusion

Because the § 2254 petition is untimely, Respondent's motion to dismiss should be granted.  The § 2254 petition should be summarily dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).[2]  Therefore, the Court should deny a certificate of appealability in its final order.  Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  *See* Fed. R. App.

---

[2] As dismissal of the petition is recommended solely on the procedural basis of timeliness, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 37) be **GRANTED**, the § 2254 petition for writ of habeas corpus filed by Jackie Jerome James, challenging the judgment and sentence entered April 15, 1985, by the Second Judicial Circuit, in and for Gadsden County, Florida, be **SUMMARILY DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 7, 2012.


**s/  Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**